**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WD ADAMS 2, LLC d/b/a Wally's Ford of Adams,
WD EAST GREEN, LLC d/b/a Wally's Ford of
East Greenbush, WD NELL 3, LLC d/b/a Wally's
Ford of Nelliston, and WD SENECA, LLC d/b/a
Wally's Ford of Seneca Falls,                                    1:24-cv-00423 (AMN/MJK)

                       Plaintiffs,

     v.

FORD MOTOR COMPANY,

                       Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**ARENTFOX SCHIFF**                                    **RUSSELL PRIES MCRORY, ESQ.**
1301 Avenue of the Americas – 42nd Floor         **SHAYSHARI POTTER, ESQ.**
New York, New York 10019
*Attorneys for Plaintiffs*

**BARACK FERRAZZANO**                                    **OWEN SMITH, ESQ.**
**KIRSCHBAUM & NAGELBERG**
200 West Madison Street – Suite 3900
Chicago, Illinois, 60606
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

On February 24, 2024, Plaintiffs WD Adams 2, LLC d/b/a Wally's Ford of Adams; WD

East Green, LLC d/b/a Wally's Ford of East Greenbush; WD Nell 3, LLC d/b/a Wally's Ford of

Nelliston; and WD Seneca, LLC d/b/a Wally's Ford of Seneca Falls (collectively, "Plaintiffs")

commenced this action in New York State Court against Ford Motor Company ("Defendant"),

alleging violations of the New York Franchised Motor Vehicle Dealer Act, N.Y. Veh. & Traf. Law

§§ 460 *et seq.* ("Dealer Act").  Dkt. No. 1-1; Dkt. No. 16 ("Complaint").  On March 26, 2024, Defendant removed this action to federal court on the stated basis of diversity.  Dkt. No. 1.

Presently before the Court is Defendant's motion to dismiss the Complaint or transfer the action to the United States District Court for the Southern District of New York ("Southern District").  Dkt. No. 6 ("Motion").  Plaintiffs filed an opposition, Dkt. Nos. 14–15, and Defendant filed a reply in further support, Dkt. No. 18.  For the reasons set forth below, the Motion is granted to the extent that this action is transferred to the Southern District.

## II.      BACKGROUND

### A.  The Parties

Defendant manufactures and distributes Ford vehicles through a network of franchised dealerships.  Dkt. No. 16 at ¶ 19.  Defendant is a Delaware corporation with its principal place of business in Michigan.  *Id.* at ¶ 10; No. 1 at ¶ 10.

Plaintiffs are Ford franchised dealerships located in the Northern and Western Districts of New York.  Dkt. No. 16 at ¶¶ 15, 34.  Each is a limited liability company 50% owned by Darwish Auto Group, LLC and 50% owned by Darwish General Corp. (together, the "Members"); neither Member is alleged to be a citizen of Delaware or Michigan.  *Id.* at ¶¶ 11–14, 17, 35; Dkt. No. 1 at ¶¶ 12, 14, 16, 18–22.

### B.  Plaintiffs' Allegations

The Complaint asserts that Defendant has violated the Dealer Act by (i) attempting to terminate Plaintiffs' franchises, Dkt. No. 16 at ¶¶ 59–66; (ii) withholding consent to Plaintiffs' requested ownership change, *id.* at ¶¶ 67–71; (iii) preventing Plaintiffs from changing their capital structure, *id.* at ¶¶ 72–76; and (iv) imposing unreasonable restrictions related to the transfer or sale of Plaintiffs' dealerships, *id.* at ¶¶ 77–80.  The Complaint seeks equitable relief and an award of

attorney's fees and costs apparently authorized by the Dealer Act.  *Id.* at 13.[1]

### C.  Procedural History

On February 21, 2024, Defendant commenced a declaratory judgment action in the Southern District against Plaintiffs, their Members, and Walid Darwish.  *See Ford Motor Company v. Darwish Auto Group LLC et al.*, Case No. 24-cv-01308 ("Southern District Action").[2]  Three days later, Plaintiffs commenced this action in New York Supreme Court, Albany County, by filing a summons with notice.  Dkt. No. 1-1.

In March 2024, Defendant timely removed this action to the United States District Court for the Northern District of New York ("Northern District").  Dkt. No. 1; 28 U.S.C. § 1332(a).  Defendant filed the Motion that same month, and subsequently demanded a complaint.  Dkt. Nos. 6–7.  The Motion alternatively requests (i) dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure; (ii) dismissal of the Complaint pursuant to the "first-filed" rule and the pending Southern District Action; or (iii) transfer of this action to the Southern District pursuant to the first-filed rule.  Dkt. No. 6-1.

On April 19, 2024, in the Southern District Action, Plaintiffs and other defendants moved to partially dismiss the complaint and transfer venue to the Northern District.  Southern District Action, Dkt. Nos. 38–40 ("Southern District Motion").  On April 26, 2024, in this action, Plaintiffs opposed the Motion before filing the Complaint a few days later.  Dkt. Nos. 14–16.  Defendant's reply followed in May 2024.  Dkt. No. 18.  In June 2024, Judge Seibel denied the Southern District

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

[2] The Southern District Action is referenced within the Complaint, *see, e.g.,* Dkt. No. 16 at ¶ 3, and, in any event, it is appropriate for the Court to take judicial notice of it.  *See, e.g., Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020) (collecting cases).

Motion.  Dkt. No. 19; Southern District Action Dkt. No. 50.  Discovery appears to have commenced in the Southern District Action and fact discovery is presently scheduled to conclude in March 2025.  Southern District Action Dkt. Nos. 48, 71.

## III.     DISCUSSION

As relevant here, the Motion argues that this action should be transferred to the Southern District pursuant to the first-filed rule.  Dkt. No. 6-1 at 8–11.  In opposition, Plaintiffs argue that venue is also proper in the Northern District and that transfer to the Southern District is inappropriate because of two exceptions to the first-filed rule.  Dkt. No. 14 at 20–24.  In reply, Defendant argues that neither exception applies and the Southern District is the proper venue for Plaintiffs' claims.  Dkt. No. 18 at 13–14.

"The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'"  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (alteration in original) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)).  "[T]his rule embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum," *Abbott Lab'ys v. Feinberg*, No. 21-45, 2023 WL 19076, at *2 (2d Cir. Jan. 3, 2023) (summary order) (quoting *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008)), and "creates a presumption, not a mandate, that the second-filed case should be dismissed, transferred or stayed," *Merola v. Cuomo*, No. 19-cv-899, 2019 WL 4857462, at *2 (N.D.N.Y. Oct. 2, 2019) (citing *Emps. Ins.*, 522 F.3d at 275).

The Second Circuit has recognized only two exceptions to the first-filed rule: "(1) where the 'balance of convenience' favors the second-filed action" and "(2) where 'special circumstances' warrant giving priority to the second suit."  *Emps. Ins.*, 522 F.3d at 275 (citations

omitted).  Special circumstances include the filing of an anticipatory declaratory judgment action "in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action," and forum shopping that exhibits, for instance, "manipulative or deceptive behavior." *Id.* at 276.  "Where special circumstances are not present, a balancing of the conveniences is necessary." *Id.*  To do so, district courts consider the same factors relevant to motions to transfer venue pursuant to 28 U.S.C. § 1404(a).[3] *Id.* at 275.  These factors include:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*Id.* (alteration in original) (quoting *Gottdiener*, 462 F.3d at 106–07); *see also Lafarge*, 599 F.3d at 112.

As an initial matter, the Court agrees with the parties that this action and the Southern District Action are sufficiently similar to fall within the scope of the first-filed rule.  *See, e.g., Merola*, 2019 WL 4857462, at *2 ("This rule usually applies when identical or substantially similar parties and claims are present in both courts.") (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992)).  Defendant explicitly argues that both actions are subject to the rule, *see* Dkt. No. 6-1 at 9, and Plaintiffs' papers assume as much, *see* Dkt. No. 14.  Moreover, Plaintiffs'

---

[3]  While neither party cites to or relies upon Section 1404(a), the statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Such a transfer inquiry "involves two steps: first, the court must establish whether the case could have been filed in the proposed transferee district, and second, the court must determine whether the convenience of the parties and the interests of justice favor transfer." *Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 437 (S.D.N.Y. 2022) (citation omitted).  "The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." *Forjone v. California*, 425 F. App'x 73, 74 (2d Cir. 2011) (quoting *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989)).

Southern District Motion, which they made subsequent to the Motion here, relied on the rule's exceptions to request transfer to the Northern District. Southern District Dkt. No. 40 at 22–25. The Court thus finds that this action and the Southern District Action are subject to the first-filed rule.

The Court further finds that neither the "special circumstances" nor "balance of convenience" exceptions to the first-filed rule are applicable in this case. Plaintiffs' arguments in opposition to the Motion as to each exception, *see* Dkt. No. 14 at 21–24, overlap significantly with the arguments Plaintiffs made a week earlier in their Southern District Motion, *see* Southern District Action Dkt. No. 40 at 22–25. The Court has reviewed Judge Seibel's thorough consideration of these arguments, and agrees with her assessment of them. Southern District Dkt. No. 50 at 24:19–26:15. The Court supplements that analysis as follows.

As to special circumstances, the Court agrees with Judge Seibel and Defendant that the Southern District Action is not an improper anticipatory declaratory judgment. Southern District Dkt. No. 50 at 25; Dkt. No. 6-1 at 9. Plaintiffs' contrary argument is vague and unpersuasive. *Compare* Dkt. No. 14 at 21–22*, with Emps. Ins.*, 522 F.3d at 276 ("[I]n order for a declaratory action to be anticipatory, it must be filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action."); *Adirondack Transit Lines, Inc., v. Greyhound Lines, Inc.*, No. 15-cv-01227, 2016 WL 5415772, at *4 (N.D.N.Y. Sept. 28, 2016) ("[I]mproper anticipatory filings typically involve either an attempt by the 'true' defendant to preempt the 'true' plaintiff by seeking a declaratory judgment that it is not liable to the plaintiff, or bad-faith conduct during settlement negotiations."). To the extent Plaintiffs raise a forum shopping argument, they have not demonstrated that Defendant's choice of the Southern District was the result of "manipulative or deceptive behavior." *Emps. Ins.*, 522 F.3d at 276.

As to the balance of conveniences, Plaintiffs have not negated Defendant's showing that these factors favor transfer. Plaintiffs' argument that their subsequent choice of the Northern District should be given deference over Defendant's earlier choice of the Southern District is unpersuasive. Dkt. No. 14 at 22–23. This dispute involves the ownership and control of Plaintiffs. *See generally* Dkt. No. 16. And Plaintiffs' Members maintain their principal places of business in White Plains, within the Southern District. Dkt. No. 14 at 23; Dkt. No. 16 at ¶ 35; Dkt. No. 6-1 at 10; Southern District Action Dkt. No. 50 at 24:20–23.

The convenience of witnesses also does not weigh against transfer, given the relative proximity of the Southern District and the Northern District. *See* Dkt. No. 6-1 at 10. The relevant courthouses here, in White Plains and Albany, are a little more than two hours apart. And as set forth by Defendant, the likely primary witness in both cases is a resident of New Jersey who has indicated that the Southern District is more convenient for him. Dkt. No. 18 at 14. In contrast, Plaintiffs have not identified any specific witness who would be inconvenienced by traveling to the Southern District. Dkt. No. 14 at 23.

As to the convenience of the parties, Plaintiffs primarily argue that they "would be greatly inconvenienced if forced to defend this case in the Southern District when [they are] already litigating related cases in Albany County." *Id.* at 24. But Plaintiffs are already defending the Southern District Action and, regardless of the decision on the Motion here, that action will proceed. Thus, Plaintiffs are really arguing that litigating in three courts is more convenient than litigating in two courts, which is unpersuasive. Moreover, the attorneys representing Plaintiffs and their Members, across the three courts, are based in the Southern District. *See, e.g.,* Dkt. Nos. 12–13; Southern District Action Dkt. Nos. 27, 34–35.

Further, it does not appear that any Plaintiff is actually a party in the referenced state court actions in Albany County. *See* Dkt. No. 14 at 10, 23–24; *Darwish Auto Group, LLC and Darwish General Corp. v. T.D. Bank, N.A. and Walid Darwish*, Index No. 905851-22 (N.Y. Sup. Ct. Albany Cnty.); *WD Schen 2 LLC d/b/a Volkswagen of Schenectady v. Volkswagen of America, Inc., a division of Volkswagen Group of America, Inc.*, Index No. 907839-23 (N.Y. Sup. Ct. Albany Cnty.); *Volkswagen of America, Inc. v. WD Schen 2 LLC d/b/a Volkswagen of Schenectady, Darwish Auto Group LLC, and Darwish General Corp.*, Index No. 64673/2023 (N.Y. Sup. Ct. Albany Cnty.). Defendant is also not a party in any of these actions.[4] Dkt. No. 18 at 14. Thus, the convenience of the parties here favors transfer to the Southern District, which will consolidate the parties' dispute in a single federal court.

To the extent Plaintiffs' statement that "access to relevant documents would not be hindered by keeping the case in the Northern District" is an argument against transfer, it is unpersuasive. Dkt. No. 14 at 23. Plaintiffs do not specifically identify any such documents, beyond loan documentation which they appear to include with their opposition papers. *Id.* at 19, 23; Dkt. No. 15-2. Instead, Plaintiffs state that "[e]xtensive discovery has taken place in Albany County" in a separate state court action that does not include the parties here. Dkt. No. 14 at 23. However, the docket in that action establishes that the parties therein, including Plaintiffs' Members, have engaged in electronic discovery. *See Darwish Auto Group, LLC et. al.*, Index No. 905851-22. Thus, this factor does not weigh against transfer either. *See United States v. Rare Breed Triggers, LLC*, 669 F. Supp. 3d 169, 184 (E.D.N.Y. 2023) (noting that "this factor is now less important to a court's transfer analysis '[g]iven that almost all discovery today is sent and

---

[4] Plaintiffs' Members and Walid Darwish are, however, and all three non-parties, like Plaintiffs, are defendants in the Southern District Action.

received electronically'") (quoting *United States v. Stamps*, No. 18-cv-1106, 2018 WL 6031155, at *3 (E.D.N.Y. Nov. 16, 2018)).

The parties dispute whether the locus of operative facts rests in the Northern District or the Southern District. Defendant argues that the Members are located in the Southern District and their ownership and control of Plaintiffs is at issue. Dkt. No. 6-1 at 10; Dkt. No. 18 at 14. Plaintiffs argues that most of their dealerships are located in the Northern District and certain loan documents were executed here. Dkt. No. 14 at 23. On balance, the Court finds that this factor is neutral as to transfer.

In sum, the Court finds that neither exception to the first-filed rule is applicable and the first-filed Southern District Action "should have priority." *Lafarge*, 599 F.3d at 112 (citation omitted). Defendant has established that transfer to its chosen forum is warranted, as this action could have been brought in the Southern District and the relevant considerations favor transfer there. *See Emps. Ins.*, 522 F.3d at 274–75 ("[T]his rule 'embodies considerations of judicial administration and conservation of resources' by avoiding duplicative litigation and honoring the plaintiff's choice of forum.") (citation omitted); *see also* 28 U.S.C. § 1404(a). The Motion is thus granted to the extent that this action is transferred to the Southern District. The Court makes no rulings as to the balance of Defendant's Motion or the merits of Plaintiffs' Complaint.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that this action is **TRANSFERRED** to the United States District Court for the Southern District of New York; and the Court further

**ORDERS** that the Clerk of this Court advise the Clerk of the Southern District of New York of the entry of this Order and provide all information necessary for the Clerk of the Southern

District of New York to electronically access the documents filed in this action.  The Court hereby waives the fourteen (14) day waiting period provided for in Local Rule 3.7; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.

**IT IS SO ORDERED.**

Dated: January 21, 2025
        Albany, New York

Anne M. Nardacci
U.S. District Judge